## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| SONIA R. PETTERSON | : | **Civil No. 2:08-cv-00956** |
| **Plaintiff,** | : | |
| **vs.** | : | **REPORT & RECOMMENDATION** |
| | | **JUDGE DEE BENSON** |
| MELVIN R. KUHNI | : | |
| **Defendant.** | | **MAGISTRATE JUDGE BROOKE C. WELLS** |

Plaintiff Sonia R. Petterson, *pro se*, filed the current action alleging violations of 42 U.S.C. § 1983. In her complaint Ms. Petterson alleges that she was evicted by from her home by defendant Melvin Kuhni in retaliation for filing a discrimination complaint against him with the Labor Commission.[1] As a result of her eviction, Ms. Petterson contends she has suffered, among other things, a "loss of stability and safety."[2]

On April 14, 2004, Ms. Petterson filed a motion for extension of time to serve process.[3] Thereafter, on June 4, 2009, pursuant to Ms. Petterson's motion to appoint

---

[1] Docket No. 3.  Complaint, pag e 3.

[2] Docket No. 3. Complaint, page 7.

[3] Docket No. 8.

counsel,[4] the court appointed attorney Adam Price as pro bono counsel for the limited purpose of reviewing plaintiff's complaint and, if appropriate, submitting an amended complaint providing sufficient information to determine the existence of a cognizable claim or violation.[5]  No amended complaint was filed.

28 U.S.C. § 1915 provides that a court "shall dismiss the case at any time if the court determines that . . . .the action or appeal (1) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[6]  Here, the court finds that Ms. Petterson's complaint fails to state a claim upon which relief may be granted and consequently recommends that the case be dismissed.

In her complaint, Ms. Petterson alleges violations of 42 U.S.C. § 1983.[7]  The purpose of Section 1983 is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."[8]  In asserting a claim, the plain language of Section 1983

---

[4]Docket No. 4.

[5]Docket No. 9.

[6]28 U.S.C. § 1915.

[7]42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[8]Wyatt v Cole 504 U.S. 158 (1992); 112 S. Ct. 1827, 1830; 118 L.Ed. 2d 504 .

requires the identification of both a person[9] or entity acting under color of law,[10] and a constitutional right[11] that has been allegedly infringed.    Plaintiff's complaint fails to state either.  The gravamen of Mr. Petterson's complaint appears to be that defendant Kuhni improperly evicted her in retaliation for her filing a complaint against him with the Labor Commission.[12]  In so alleging, however, Ms. Petterson, fails to indicate how Mr. Kuhni acted under color of law and how the eviction ultimately amounted to a constitutional violation.

For these reasons, the court finds that Ms. Petterson has failed to state a claim on which relief may be granted, and accordingly the court recommends that her claims be dismissed.

DATED this 27th day of August, 2009.

BY THE COURT:

Brooke C. Wells
United States Magistrate Judge

---

[9]Neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

[10]Color of law includes those acting under the "color of any state statute, ordinance, regulation, custom, or usage."  Hafer v. Melo, 502 U.S. 21 (1991).

[11] 42 U.S.C. § 1983 provides a remedy against all forms of official violation of federally protected rights.  Golden State Transit Corp. v. Los Angeles, 493 U.S. 103 (1989).

[12]Docket No. 3.  Complaint pg. 3.